CHARLES D. DICKEY, Jr., Trustee,

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa March 28, 1896.*

TAXES—*sufficiency of description of property in advertisement.* A description of land in the advertised tax list as that part of a certain named lot "lying s. of Frederick St. extension of," (it being shown that Frederick street terminated at the west line of said lot,) is sufficiently certain, and means that part of the lot which would be south of Frederick street if it were extended, even though Frederick street be incapable of such extension by reason of the presence there of another street.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

MASON BROS. (HENRY E. MASON, of counsel,) for appellant.

J. D. ADAIR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county treasurer applied to the county court of Cook county for judgment against lands of appellant for delinquent special assessment. Appellant entered a special appearance for the purpose of contesting the jurisdiction of the court, and objected to the entry of judgment on the ground that the advertisement published, giving notice of the application for judgment, was insufficient. The objection was overruled and judgment was entered.

The description of the lands in the advertisement of sale was as follows:

Superior Court partition of E. ½ of Sec. 2, T. 39, R. 13.

| NAME AND DESC. | LOT. | $ | CTS. |
|---|---|---|---|
| Hugh T. Dickey, (ex. R. R. right of way and ex. Grand Av.) that part lying s. of Frederick St. extension of...... | 1 | 8,690 | 00 |

The objector proved that Frederick street did not cross lot 1, but came up to the west line of the lot and terminated there, and he says that it could not be extended across said lot, because it was shown that Weage avenue was open across the lot directly east of the eastern terminus of Frederick street. He claims that therefore the description, "that part lying south of Frederick street extension," is an impossible description. We are unable, however, to see any difficulty in locating the premises described in the notice. It is not necessary that Frederick street should be actually extended across the lot, but the plain description is, that part of lot 1, except the railroad right of way and except Grand avenue, which would be south of Frederick street if it were extended, or south of an extension of that street.

The judgment will be affirmed.        *Judgment affirmed.*